MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

## U.S. HOUSE OF REPRESENTATIVES
## OFFICE OF GENERAL COUNSEL
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

SALLY CLOUSE
ASSOCIATE GENERAL COUNSEL

ANDY T. WANG
ASSOCIATE GENERAL COUNSEL

KEN DAINES
ASSISTANT GENERAL COUNSEL

ALICIA GARTEN
ASSISTANT GENERAL COUNSEL

March 17, 2026

**Via ECF**

Hon. Paul A. Engelmayer, U.S. District Judge, Courtroom 1305
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re:**    *James v. Foxx*, **No. 1:26-cv-00998-PAE**

Dear Judge Engelmayer:

      The House Office of General Counsel represents the Honorable Virginia Foxx, U.S. Representative for the 5th District of North Carolina, and former Chairwoman of the Committee on Education and the Workforce during the 118th Congress, who has been sued in her official capacity in the above-referenced matter.[1]

      On March 13, 2026, Plaintiff filed a Certificate of Service, and the docket now reflects that Representative Foxx's response to the Complaint was due on March 11, 2026. *See* ECF No. 7 ("Virginia Foxx served on 2/18/2026, answer due 3/11/2026"). Undersigned counsel understands that the answer date on the docket may have been auto-generated when Plaintiff filed the Certificate of Service, and that the date does not reflect a determination by the Court that Representative Foxx's answer was in fact due on that date.[2] Still, out of an abundance of

---

[1] While the Complaint also purports to sue Representative Foxx in her personal capacity, Plaintiff's suit should be treated as an official capacity suit for reasons that will be discussed in her forthcoming Motion to Dismiss.

[2] In a similar case brought by Plaintiff's counsel against the House Committee on Education and Workforce and its current Chairman, the Honorable Tim Walberg, Plaintiff's counsel also filed a Certificate of Service, which resulted in an inaccurate answer date. *See* Certificate of Service, *Abdulhaqq, et al., v. Sarah Lawrence Coll., et al.*, No. 7:25-cv-06442 (S.D.N.Y. Sept. 5, 2025), ECF No. 5. Undersigned counsel filed a letter explaining why that date was inaccurate, and Judge Seibel endorsed the letter, explaining "[a]s the Court understands it, the answer date on the docket was auto-filled when Plaintiff filed the Certificate of Service. It is not an order of the Court or a finding that service has been properly effected." Memo Endorsement, *Abdulhaqq, et al., v. Sarah Lawrence Coll., et al.*, No. 7:25-cv-06442 (S.D.N.Y. Sept. 8, 2025), ECF No. 8.

The Honorable Paul A. Engelmayer
March 17, 2026
Page 2

caution, this letter explains why a responsive pleading in this case is due on April 27, 2026 (60 days after proper service).

The Federal Rules of Civil Procedure require that to serve a federal defendant in their official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). In turn, "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought … or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* at 4(i)(1)(A)(i)-(ii). In addition, a party must "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* at 4(i)(1)(B).

Here, Plaintiff provided undersigned counsel, who was authorized to accept service on behalf of Representative Foxx, a copy of the Complaint and Summons on February 12, 2026. *See* Ex. A. According to the Certificate of Service, Plaintiff then "served the summons on the United States government on February 18, 2026, by sending it [via] certified mail" to the U.S. Attorney's Office for the Southern District of New York and the Attorney General. ECF No. 7. It appears that the answer date of March 11, 2026, was generated by counting 21 days after the date of mailing. For the below reasons, this is incorrect, and Representative Foxx has until April 27, 2026, to respond.

First, the Rules are clear that a federal defendant "must serve an answer to a complaint … within 60 days *after service on the United States attorney*." Fed. R. Civ. P. 12(a)(2) (emphasis added). Thus, 60 days must run after completed service, not the 21 days given to non-federal parties.[3]

Second, service of the initial complaint and summons is complete when they are received, not when they are mailed. As the U.S. District Court for the Eastern District of New York explained:

> [Plaintiff's] contention that a certified mailing to the Attorney General complies with the requirements of Rule 4(d)(4) on the date of mailing is simply without merit. Service by mail of a summons and complaint is effective upon receipt, *see Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir. 1984), not upon mailing, *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 882 (3d Cir. 1987). [Plaintiff] cannot avail himself for Rule 4 purposes of the provision in Rule 5 that "[s]ervice by mail is complete upon mailing." Fed. R. Civ. P. 5(b). By its terms, Rule 5 applies only to a "pleading *subsequent to the original complaint*," Fed. R. Civ. P. 5(a) (emphasis added), and does not serve to alter or eliminate the requirements related to service of the summons and complaint under Rule 4. Therefore, plaintiff

---

[3] Even if Plaintiff's suit is treated as against Representative Foxx in her individual capacity, her response would still be due 60 days after service on the United States Attorney in this case. *See* Fed. R. Civ. P. 12(a)(3).

The Honorable Paul A. Engelmayer
March 17, 2026
Page 3

        served neither the Attorney General nor the United States Attorney in a timely fashion.

*Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992); *see also Allied Semi-Conductors Int'l Ltd. v. Pulsar Components Int'l, Inc.*, 842 F. Supp. 653, 655 (E.D.N.Y. 1993), *aff'd*, 907 F. Supp. 618 (E.D.N.Y. 1995) ("the Second Circuit … has held that service is effective when and if the defendant actually receives the summons and complaint.").  Thus, while service of documents after the initial complaint and summons is complete upon mailing as those documents are governed by Rule 5, service of the initial complaint and summons is governed by Rule 4, and complete only upon receipt.

        In this case, "service on the United States attorney," Fed. R. Civ. P. 12(a)(2), was not complete until February 26, 2026.  Undersigned counsel has been in contact with Jeffrey Oestericher, Chief of the Civil Division for the U.S. Attorney's Office for the Southern District of New York, and as shown by the attached email chain, that office did not receive the initial Complaint and Summons for this case until February 26, 2026.  *See* Ex. B.

        Accordingly, a responsive pleading in this case is not due until April 27, 2026, which is 60 days after February 26, 2026.

                Sincerely,

                /s/ *Andy T. Wang*
                Andy T. Wang
                  *Associate General Counsel*

                OFFICE OF GENERAL COUNSEL
                U.S. HOUSE OF REPRESENTATIVES
                5140 O'Neill House Office Building
                Washington, D.C. 20515
                (202) 225-9700 (telephone)
                andy.wang@mail.house.gov

                *Counsel for Defendant the Honorable Virginia Foxx*

cc: Jonathan Wallace, Counsel for Plaintiff (via CM/ECF)